UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EDWARD L. HOLMES II,

        Plaintiff,

    v.

KING COUNTY SHERIFF, *et al.*,

        Defendants.

Cause No. C21-1360RSL

ORDER REQUIRING A MORE DEFINITE STATEMENT

On October 8, 2021, plaintiff's application to proceed *in forma pauperis* was granted and his complaint was accepted for filing. The complaint identifies the King County Superior Court, the Des Moines Municipal Court, the King County Sheriff, and Fox Q13 News as the defendants. Plaintiff asserts claims under Title III of the Omnibus Crime Control and Safe Streets Act of 1968, as amended (the "Wiretap Act" or "Title III", 18 U.S.C. §§ 2510–2522), 42 U.S.C. § 1983, and 42 U.S.C. § 1985. Plaintiff alleges that he was wrongly accused and denied a fair trial and has suffered various forms of misconduct during the prosecution of a criminal case, including inflammatory racial stereotypes, physical abuse and harassment, mental anguish, incarceration, high bonds, and extensive warrants. He also alleges that he was held "in Des Moines" past his release date and has been subjected to extensive monitoring after his release. He seeks "$2.5 million dollars and [his] record expunged . . . and the news reports erased from media." Dkt. # 5 at 7.

ORDER REQUIRING A MORE
DEFINITE STATEMENT - 1

The Court, having reviewed the record as a whole under the standards articulated in 28 U.S.C. § 1915(e)(2) and having construed the allegations of the complaint liberally (*see Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003)), finds that plaintiff's complaint is deficient for the following reasons:

1. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint will be dismissed unless it states a cognizable legal theory that is supported by sufficient facts to state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). All well-pleaded allegations are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party. *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144-45 (9th Cir. 2013). Although a complaint need not provide detailed factual allegations, it must give rise to something more than mere speculation that plaintiff has a right to relief. *Twombly*, 550 U.S. at 555.

The King County Superior Court and the King County Sheriff are not mentioned in the body of the complaint. These defendants - and the Court - would have to guess what acts they are supposed to have committed and how those acts relate to, much less establish, a claim under the Wiretap Act or the Civil Rights Act of 1964. At a bare minimum, Rule 8(a) mandates that plaintiff "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The complaint fails to serve this vital purpose as to the King County defendants.

Plaintiff's allegations of wrongdoing are, in general, too vague and/or conclusory to raise a plausible inference that he is entitled to relief from any of the named defendants. For instance,

ORDER REQUIRING A MORE
DEFINITE STATEMENT - 2

plaintiff alleges that he was "beaten in custody," but does not identify which defendant had custody of him at the time or whether another inmate or a guard abused him. Similarly, the fact that an unnamed judicial officer imposed a significant bond does not raise an inference of wrongdoing in the absence of facts suggesting improper motive. Without more, plaintiff's allegations are insufficient under *Twombly*.

2. To the extent plaintiff is seeking review of the state court's judgments and determinations in an underlying criminal case, the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983). The doctrine arises from 28 U.S.C. § 1257 which grants jurisdiction to review a state court judgment in the United States Supreme Court and, by negative inference, prohibits lower federal courts from doing so. *Kougasian v .TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004).

3. To the extent plaintiff is asserting a claim under 42 U.S.C. § 1983 against Fox Q13 News, he has not alleged state action in support such a claim. Nor has plaintiff identified a federal statutory or constitutional right that Fox Q13 may have violated.

4. To the extent plaintiff is asserting claims against judicial officers, "[i]t has long been established that judges are absolutely immune from liability for acts 'done by them in the exercise of their judicial functions.'" *Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008) (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1871)). Judicial immunity is "absolute" in that it protects the decisionmaker from exposure to the litigation process in its entirety: the official is not only free from the risk of a damage award, but also free from suit. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). "[V]arious forms of immunity, including . . . judicial, reflect a policy

ORDER REQUIRING A MORE
DEFINITE STATEMENT - 3

that the public is better served if certain public officials exercise their discretionary duties with independence and without fear of the burdens of a civil suit for damages." *Schrob v. Catterson*, 967 F.2d 929, 937 (3rd Cir. 1992). Immunity is particularly appropriate in situations, such as this, where procedural or substantive errors can be challenged through a motion for reconsideration and/or on appeal: resort to a separate lawsuit is deemed unnecessary. *Mitchell v. Forsyth*, 472 U.S. 511, 522-23 (1985) ("[T]he judicial process is largely self-correcting: procedural rules, appeals, and the possibility of collateral challenges obviate the need for damages actions to prevent unjust results.").

For all of the foregoing reasons, the Court declines to issue a summons in this matter. Plaintiff may have a viable claim against one or more of the named defendants, but, if so, they are not apparent from the bare accusations contained in the complaint. Plaintiff is hereby ORDERED to file on or before November 10, 2021, an amended complaint which clearly and concisely identifies the acts of which each named defendant is accused and how those acts violated plaintiff's legal rights. The key to filing an acceptable amended complaint will be providing enough facts that each defendant has sufficient notice to mount a defense and from which one could plausibly infer that plaintiff has a viable legal claim and a right to relief against each defendant. The amended complaint will replace the existing complaint in its entirety. Failure to timely file an amended complaint that asserts a plausible claim for relief will result in dismissal of this action.

//

ORDER REQUIRING A MORE
DEFINITE STATEMENT - 4

The Clerk of Court is directed to place this Order Requiring More Definite Statement on the Court's calendar for consideration on Friday, November 12, 2021.

Dated this 19th day of October, 2021.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER REQUIRING A MORE
DEFINITE STATEMENT - 5