UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EDWARD L. HOLMES II,

        Plaintiff,

    v.

KING COUNTY SHERIFF, *et al.*,

        Defendants.

Cause No. C21-1360RSL

ORDER OF DISMISSAL

On October 8, 2021, plaintiff's application to proceed *in forma pauperis* was granted and his complaint was accepted for filing. The complaint identifies the King County Superior Court, the Des Moines Municipal Court, the King County Sheriff, and Fox Q13 News as defendants and asserts claims under Title III of the Omnibus Crime Control and Safe Streets Act of 1968, as amended (the "Wiretap Act" or "Title III", 18 U.S.C. §§ 2510–2522), 42 U.S.C. § 1983, and 42 U.S.C. § 1985. In the original complaint, plaintiff alleged that he was wrongly accused and denied a fair trial, suffered various forms of misconduct during the prosecution of a criminal case, was held "in Des Moines" past his release date, and has been subjected to extensive monitoring after his release. The Court reviewed the record as a whole under the standards articulated in 28 U.S.C. § 1915(e)(2) and found the original complaint insufficient for the following reasons:

● it failed to give the King County defendants fair notice of the claim or claims asserted

ORDER OF DISMISSAL - 1

against them and the grounds on which they were based;

   • the allegations of wrongdoing as to the Des Moines Municipal Court and Fox Q13 News were too vague and/or conclusory to state a plausible claim for relief against them;

   • the Court lacks jurisdiction to review a state court's judgments or determinations under the *Rooker-Feldman* doctrine;

   • the complaint fails to allege facts from which one could plausibly infer that Fox Q13 News is a state actor or that a federal statute or constitutional right had been violated; and

   • any claims against judicial officers appear to be barred by judicial immunity.

Plaintiff was directed to file an amended complaint which clearly and concisely identifies the acts of which each named defendant is accused and how those acts violated plaintiff's legal rights. Plaintiff was informed that the amended complaint would replace the original complaint in its entirety and that failure to rectify the identified deficiencies would result in the dismissal of this action.

   In response, plaintiff submitted a list of exhibits, a one-page statement of his claims, and sixty-three pages of forms, court records, handwritten notes, correspondence, and screen shots. Dkt. # 9. Plaintiff alleges that King County Sergeant Cindy West made "horrible statements" about plaintiff to Q13 News, that the allegation that he tried to kill his children by fire-bombing their residence was false, that he was held in King County jail for two years based on those allegations, that he was released from prison in November 2019 and has served eighteen months of parole, and that Des Moines has issued a misdemeanor warrant for $50,000 "for no reason," that the warrant is preventing plaintiff from seeing his children, and that the attached exhibits are "proof of the misconduct of King County courts system and the emails of threats." Dkt. # 9 at 2.

ORDER OF DISMISSAL - 2

The attached exhibits show that plaintiff pled guilty to a charge of attempted arson in the first degree, waiving his right to trial and attesting that no threats or promises had been made to cause him to enter into the plea agreement. Dkt. # 9 at 27-28. There is no record of a misdemeanor warrant, only a 2018 Des Moines Municipal Court order finding that plaintiff had violated conditions of his sentence and setting bail at $50,000. Dkt. # 9 at 48-49. There is also correspondence in which plaintiff asserts that his release date should have been October 12, 2019: he asserts that he was released from the Washington Department of Corrections custody on November 18, 2019.

Plaintiff's recent submission does not identify defendants or the nature of the claims asserted. The Court therefore assumes that he intends to pursue the claims set forth in the original complaint against King County Superior Court, the Des Moines Municipal Court, the King County Sheriff, and Fox Q13 News. The recent submission does not raise a plausible claim for relief from any of these defendants for many of the same reasons identified in the Court's prior order. In addition, plaintiff's prior agreement that he did, in fact, commit attempted arson in the first degree and his conviction for that crime bars any tort claim - including a § 1983 claim - premised on the assertion that he was innocent. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) ("We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement . . . . Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.").

ORDER OF DISMISSAL - 3

For all of the foregoing reasons, the above-captioned matter is hereby DISMISSED.

Dated this 17th day of November, 2021.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

ORDER OF DISMISSAL - 4